IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| DWAYNE ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:22-cv-02402-TLP-atc |
| v. ) | |
| ) | JURY DEMAND |
| MEMPHIS UNION MISSION et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION, DISMISSING PLAINTIFF'S FEDERAL CLAIMS, DENYING PLAINTIFF'S MOTIONS FOR SANCTIONS, AND REMANDING STATE-LAW CLAIMS**

In June 2022, Plaintiff Dwayne Anderson sued the Memphis Union Mission ("MUM"), the Internal Revenue Service ("IRS"), the United States Attorney for the Western District of Tennessee ("U.S. Attorney") and others[1] pro se. (*See* ECF No. 1.) He alleged violations of his First, Fourth, and Fourteenth Amendment rights and other violations under state law against those Defendants. (*See id.*) Under Administrative Order 2013-05, the Court referred this case to Magistrate Judge Annie T. Christoff ("Judge Christoff") for management of all pretrial matters.

The IRS and the U.S. Attorney ("Federal Defendants") moved this Court to screen Plaintiff's complaint under Local Rule 4.1(b)(2) and 28 U.S.C. § 1915(e)(2)(B). (ECF No. 7.) After that, Plaintiff moved for sanctions against Defendants twice. (*See* ECF Nos. 12 & 16.)

---

[1] Plaintiff also sued several defendants working for MUM—D. Scott Bjork, Terry Brimhall, James Lee, Randy Daniels, Jeff Patrick, Rex Goss, and Ed (full name unknown). Like Plaintiff, the Court refers to MUM and these individuals as the "MUM Defendants." (*See, e.g.*, ECF No. 1-1 at PageID 8.)

1

Addressing these motions, Judge Christoff filed a Report and Recommendation ("R&R"), recommending that the Court: (1) grant the Federal Defendants' motion to screen the complaint; (2) dismiss Plaintiff's federal law claims against all Defendants; (3) deny Plaintiff's motions for sanctions; and (4) remand Plaintiff's remaining state-law claims to the Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis ("Circuit Court").  (ECF No. 21.)  For the reasons below, the Court **ADOPTS** Judge Christoff's R&R.

Accordingly, the Court **GRANTS** the Federal Defendants' motion to screen Plaintiff's complaint and **DISMISSES** his federal law claims against all Defendants.  The Court also **DENIES** both of Plaintiff's motions for sanctions and **REMANDS** this case to the Circuit Court.

## LEGAL STANDARD

A magistrate judge may submit to a district court judge proposed findings of fact and recommendations for the determination of certain pretrial matters, including dismissal of an action for failure to state a claim.  28 U.S.C. § 636(b)(1)(A)–(B).  And "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).

If a party does not object, then a district court reviews an R&R for clear error.  Fed. R. Civ. P. 72(b) advisory committee notes.  In doing so, the reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  Judge Christoff filed her R&R in late January 2023, and Plaintiff did not object.  What is more, the time to do so has now passed.  The Court therefore reviews the R&R here (ECF No. 21) for clear error.

**DISPOSITION**

Plaintiff initially sued Defendants in the Circuit Court—a state court—with a "Uniform Civil Affidavit of Indigency." (ECF No. 1-1.) The Circuit Court then entered an order finding that Plaintiff was indigent and thus qualified to file the case on a "pauper's oath." (*Id.* at PageID 13.) After this, the Federal Defendants properly removed Plaintiff's case to this Court under 28 U.S.C. Section 1442(a)(1). (*See* ECF No. 1.) In response to the Federal Defendants' motion to screen this case, Judge Christoff therefore considered "whether [Plaintiff's] pauper status, determined by the Circuit Court before this case was removed, is sufficient to render this case an 'in forma pauperis case' for purposes of § 1915(e)(2)(B), such that the statute's screening mandate applies." (ECF No. 21 at PageID 138.)

Like Judge Christoff, this Court finds that Plaintiff's complaint should be screened under § 1915(e). Under Sixth Circuit authority and § 1915's aims, federal courts should screen a removed complaint if a state court grants a plaintiff pauper status before removal. *See e.g.*, *Sasaya v. Earle*, No. 1:11-CV-00628, 2012 WL 314159, at *8 (N.D. Ohio Feb. 1, 2012) (finding that the case had been filed in forma pauperis before removal and applying § 1915 to dismiss the removed complaint as frivolous); *Kotewa v. Corr. Corp. of Am.*, 2010 WL 5156031, at *3 (M.D. Tenn. Dec. 14, 2010) (finding that a state-court in forma pauperis request triggers the application of § 1915(g)'s "three-strike rule" when the case is removed to federal court); *see also Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 307-08 (1989)(explaining that the previous version of § 1915 "authorize[d] courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision"). So this Court agrees with Judge Christoff that the "Circuit Court's determination of indigency was

3

imported into this case upon removal." (ECF No. 21 at PageID 142.) The Court therefore will screen Plaintiff's complaint under § 1915.

I.      **The Court Dismisses Plaintiff's Federal Claims Under § 1915(e)(2)**

When federal courts "screen" a complaint under § 1915, it reviews the complaint for dismissal on its own. The relevant portion of § 1915 provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
> . . .
>   (B) the action or appeal—
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

§ 1915(e)(2)(B). The Court agrees with Judge Christoff that Plaintiff's federal law "claims against all Defendants are based on indisputably meritless legal theories and therefore should be dismissed as frivolous under § 1915(e)(2)(B)(i) and, correspondingly, for failing to state a claim under § 1915(e)(2)(B)(ii)." (ECF No. 21 at PageID 143.)

First, Plaintiff has not adequately pled violations of his First, Fourth, and Fourteenth Amendment rights against the MUM Defendants because they are private entities and individuals. *Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 619 (1991) ("With a few exceptions, such as the provisions of the Thirteenth Amendment, constitutional guarantees of individual liberty and equal protection do not apply to the actions of private entities." (internal citations omitted)). No exceptions apply here, nor has Plaintiff alleged that the MUM Defendants were acting under the color of state law. *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (holding that a plaintiff may not bring a claim against a private party for violating his constitutional rights "no matter how discriminatory or wrongful" the party's conduct is, unless he

4

can prove that the party acted under color of state law). The Court therefore agrees with Judge Christoff that Plaintiff's "efforts to assert constitutional violations by these private actors must therefore fail." (ECF No. 21 at PageID 145.) As a result, the Court **DISMISSES** Plaintiff's claims under the First, Fourth, and Fourteenth Amendments against the MUM Defendants.

Second, the Court agrees with Judge Christoff that it lacks jurisdiction over Plaintiff's claims against the Federal Defendants. The United States' sovereign immunity prevents this Court from exercising jurisdiction over Plaintiff's claims against the IRS. *See, e.g.*, *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). The Court similarly lacks jurisdiction over Plaintiff's claims against the U.S. Attorney under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). True enough, *Bivens* allows a plaintiff to recover for deprivations "of a right secured by the federal constitution or laws of the United States by a person acting under color of federal law." *Flournoy v. Hemingway*, No. 21-2604, 2022 WL 2180217, at *2 (6th Cir. Apr. 6, 2022) (quoting *Kesterson v. Fed. Bureau of Prisons*, 60 F. App'x 591, 592 (6th Cir. 2003)). But *Bivens* does not extend to alleged First Amendment or Fourteenth Amendment violations. *Egbert v. Boule*, 142 S. Ct. 1793, 1803, 1807 (2022) (explaining that the Supreme Court has "never held that *Bivens* extends to First Amendment claims" or First Amendment retaliation claims); *Huang v. Univ. of Pikeville*, No. 7:18-cv-11, 2019 WL 2357370, at *3 (E.D. Ky. June 4, 2019) (refusing to extend *Bivens* to cover Fourteenth Amendment violations). And the Court agrees with Judge Christoff that Plaintiff "has alleged no facts that would support any claim of a Fourth Amendment violation by the U.S. Attorney, who he has alleged merely failed to investigate his claims against the MUM Defendants." (ECF No. 21 at PageID 147 n.11 (citing ECF No. 1-1, at

4).) The Court therefore **DISMISSES** Plaintiff's federal law claims against the Federal Defendants for lack of jurisdiction.[2]

## II.     The Court Denies Plaintiff's Motions for Rule 11 Sanctions

The Court agrees with Judge Christoff that Plaintiff's motions for sanctions are procedurally insufficient. Under Federal Rule of Civil Procedure 11(c)(2):

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Fed. R. Civ. P. 11(c)(2). Compliance with Rule 11(c)(2)'s safe-harbor requirement is not optional, so a party's failure to adhere to it "precludes imposing sanctions on the party's motion." *Penn, LLC v. Prosper Bus. Dev. Corp.*, 773 F.3d 764, 766–67 (6th Cir. 2014) (citing *Ridder v. City of Springfield*, 109 F.3d 288, 297 (6th Cir. 1997)). As Judge Christoff explained in detail, Plaintiff did not comply with Rule 11's safe-harbor provision for either of his motions for sanctions. (ECF No. 21 at PageID 151–54.) This failure alone is fatal to Plaintiff's motions for sanctions under Rule 11 (ECF Nos. 12 & 16), thus the Court **DENIES** both motions.[3]

---

[2] Judge Christoff also found that "[e]ven if the Court had jurisdiction over [Plaintiff's] claims against the Federal Defendants, his claims under the First and Fourteenth Amendment fail to state a claim for which relief can be granted." (ECF No. 21 at PageID 147.) The Court agrees. For this reason or for the Court's lack of jurisdiction, dismissal of Plaintiff's federal law claims against the Federal Defendants is proper.

[3] Judge Christoff also found Plaintiff's motions for sanctions substantively meritless. (*See* ECF No. 21 at PageID 153-54.) The Court agrees. For this reason or for Plaintiff's failure to comply with Rule 11's safe-harbor provision, denial of Plaintiff's motions for sanctions is proper.

### III. The Court Declines to Exercise Supplemental Jurisdiction Over Plaintiff's Remaining State-Law Claims

Along with his federal claims, Plaintiff alleges that "the MUM defendants' acts also constituted common law violations of theft of property, fraud, and unfair and deceptive business practices." (ECF No. 1-1 at PageID 8.) Judge Christoff correctly explains when a district court may decline to exercise supplemental jurisdiction over such state-law claims:

> Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over claims if it has dismissed all claims over which it has original jurisdiction. *Moses v. Gardner*, No. 2:14-cv-02706-SHL-dkv, 2016 WL 11249025, at *16 (W.D. Tenn. Oct. 11, 2016), *report and recommendation adopted*, 2017 WL 1364977 (W.D. Tenn. Apr. 12, 2017), *aff'd*, No. 17-5497, 2017 WL 9251805 (6th Cir. Nov. 9, 2017); *see also Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) ("If the federal claims are dismissed before trial, the state claims generally should be dismissed as well.") (quoting *Wojnicz v. Davis*, 80 F. App'x 382, 384–85 (6th Cir. 2003)).

(ECF No. 21 at PageID 155.) Since the Court dismissed Plaintiff's federal claims here, the only claims that remain are state-law claims between apparently non-diverse parties. The Court therefore declines to exercise supplemental jurisdiction over Plaintiff's state-law claims, and **REMANDS** those claims to the Circuit Court.

### CONCLUSION

The Court has reviewed Judge Christoff's R&R for clear error and finds none. And so, the Court **ADOPTS** the R&R (ECF No. 21), **GRANTS** the Federal Defendants' motion to screen Plaintiff's complaint (ECF No. 7),[4] and **DISMISSES** his federal law claims against all Defendants. The Court also **DENIES** both of Plaintiff's motions for sanctions (ECF Nos. 12 &

---

[4] In this motion, the Federal Defendants also ask this Court to extend their deadline to respond to Plaintiff's complaint. (See ECF No. 7.) Because the Court dismisses Plaintiff's complaint against the Federal Defendants for lack of jurisdiction, the Court also **DENIES AS MOOT** their motion for an extension of time to respond the complaint.

16) and **REMANDS** the remaining state-law claims to the Circuit Court of Shelby County, Tennessee for the Thirtieth Judicial District at Memphis.

    **SO ORDERED**, this 9th day of March, 2023.

                                             s/ Thomas L. Parker  
                                             THOMAS L. PARKER  
                                             UNITED STATES DISTRICT JUDGE